CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 15 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICIA ANN DENNIS, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:09-CV-00414 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| MEDICAL FACILITIES OF AMERICA, INC., | ) |
| | ) By: Hon. James C. Turk |
| | ) Senior United States District Judge |
| Defendant. | ) |

This case is presently before the Court on the Defendant's Motion to Dismiss (Dkt. No. 7) and Motion to Quash Subpoena (Dkt. No. 23). In the Motion to Dismiss, Defendant Medical Facilities of America, Inc. (hereafter "Medical Facilities") contends that Plaintiff Patricia Ann Dennis (hereafter "Dennis"): (1) failed to state a claim upon which relief may be granted, (2) failed to properly exhaust her administrative remedies under 42 U.S.C. §§2000e-2, and (3) has no standing to bring an action under 31 U.S.C. §§ 3729. In the Motion to Quash a Subpoena, Defendant argues that the subpoena should be quashed because it relates to issues that should be dismissed. Dennis filed a Response to the Motion to Dismiss and an Objection to the Motion to Quash a Subpoena. The Court heard argument from the parties on December 2, 2009. For the reasons set forth in this Memorandum Opinion, both Medical Facilities' Motion to Dismiss and Motion to Quash a Subpoena are **GRANTED** in part and **DENIED** in part.

### I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. Pro. 8(a)(2). If the complaint fails to state a claim upon which relief can be granted, a court must dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When evaluating a complaint under Rule 12(b)(6), courts must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although "detailed factual allegations" are not required, pleadings which merely offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" are not sufficient. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). Plaintiffs appearing pro se are given wider latitude under the Federal Rules, but "the principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). One of these limits is that "a pro se plaintiff still must allege facts that state a cause of action." Sado v. Leland Memorial Hospital, 933 F.Supp. 490, 493 (D.Md. 1996).

## II. Discriminatory Discharge Claims

In order to bring suit under Title VII, a plaintiff must first exhaust administrative remedies by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(e)(1); Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004). The charge filed with the EEOC defines the scope of what may be litigated in a subsequent civil action. See, e.g., Evans v. Technologies Applications and Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (only "those discrimination claims stated in the initial charge, those reasonably related to the

original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit").

In the instant case, Dennis has complied with the administrative requirement of exhaustion by filing a charge with the EEOC. In her EEOC charge Dennis has alleged, although not in detail, that she was harassed and discharged based on her race. In so far as her complaint elaborates on, and fleshes out, those allegations of harassment and illegal discharge set forth in her EEOC charge it satisfies the standards for pursuing those claims in this action. Thus, "accept[ing] the allegations in the complaint as true, and draw[ing] all reasonable factual inferences in favor of the plaintiff" the Court cannot conclude that Dennis has failed to state a cause of action with respect to her discriminatory discharge claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, Defendant's motion to dismiss this claim is denied.

### III. False Claims Act Claims

The False Claims Act "authorizes a private party to bring suit to remedy an injury that the United States, not the private party, has suffered." Sprint Communications Co. L.P., v. APCC Services, Inc., 128 S.Ct. 2531, 2542 (2008). These actions, also known as qui tam actions, are heavily constrained by statutory procedures, some of which are set forth in 31 U.S.C. § 3730(b).[1] Procedural compliance in qui tam actions provides standing to the plaintiff, and without standing the suit must be dismissed. Erickson ex rel. U.S. v. Am. Inst. of Biological Scis., 716 F.Supp. 908 (E.D.Va.). Here, it appears that Dennis has not complied with any of the procedures outlined in 31 U.S.C. §3730(b),

---

[1] For example, "the action shall be brought in the name of the government," "a copy of the complaint... shall be served on the government," "the complaint....shall not be served on the defendant until the court so orders." 31 U.S.C. § 3073(b)(1)-(2).

nor has she even alleged procedural compliance. Hence, any and all of her claims based on the False Claims Act must be dismissed.

Plaintiff's complaint, read broadly, might also be understood to make a claim of retaliatory discharge under the False Claims Act. Any such claim, however, would be a futile effort. First, retaliation actions under the False Claims Act are subject to the statute of limitations of the most analogous state statute of limitations period, which, in Virginia, "is two years, as prescribed by Va. Code Ann. § 8.01-243(A) and § 8.01-248 (2007)." U.S. ex rel. Herndon v. Appalachian Reg'l Community Head Start, Inc., 572 F.Supp.2d 663 (W.D.Va. 2008). Dennis filed her complaint in state court on September 15, 2009, almost three years after she was discharged on October 6, 2006. Consequently, any retaliation action based on False Claims Act allegations would be time-barred.

Second, Dennis has not alleged facts in her complaint that indicate that she might be able to establish the elements of a valid retaliatory discharge claim under the False Claims Act. An employee seeking to demonstrate a retaliatory discharge must "prove that (1) he took acts in furtherance of a qui tam suit; (2) his employer knew of these acts; and (3) his employer discharged him as a result of these acts." Zahodnick v. Int'l Bus. Mach. Corp., 135 F.3d 911, 914 (4th Cir. 1997). Most importantly, there are no allegations in Dennis's complaint that she was engaging in acts in furtherance of a qui tam suit before she was discharged. She alleges instead that she believed she was participating in, and was instructed to participate in, fraudulent billing. A plaintiff who reports "mischarging" or investigates, without more, "the employer's non-compliance with federal or state regulations" is not engaged in protected activity. Mann v. Heckler & Koch Defense, Inc., 639 F.Supp.2d 619 (E.D.Va. 2009). Because Dennis had not taken

any acts in furtherance of a qui tam suit before she was discharged, she cannot be heard to allege a retaliatory discharge under the False Claims Act. Thus, any retaliatory discharge claim must also be dismissed.

### IV. Conclusion

The Court finds that Dennis has not complied with the procedural requirements of the False Claims Act, nor otherwise alleged facts sufficient to state a claim on which relief can be granted with regards to her False Claims Act allegations. Thus her purported qui tam suit must be dismissed. The Court finds, however, that she has complied with procedural requirements and exhausted her administrative remedies as to her claims of discriminatory discharge under Title VII. The Court cannot say that she has failed to state a claim upon which relief can be granted with respect to those allegations. Thus, it is the opinion of this Court that Defendant's Motion to Dismiss (Dkt. No. 7) is **GRANTED** in part and **DENIED** in part. Correspondingly, the Defendant's Motion to Quash a Subpoena is **GRANTED** with respect to documents relating to the False Claims Act allegations, and **DENIED** with respect to documents relating to the Title VII claim. The Clerk of Court is directed to send a copy of this Memorandum Opinion and accompanying Order to all counsel of record in this matter.

ENTER: This 15th day of December, 2009.

Hon. James C. Turk
Senior United States District Judge